### WATSON v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Term. June 28, 1906.)

1. MUNICIPAL CORPORATIONS—LIABILITY FOR BREAKING OF SEWER.

A city is not liable for the breaking of a sewer, flooding a cellar, it having been properly constructed, the overflow being due to the act of a third person in allowing marble dust to run into the sewer, in violation of an ordinance, and the city having promptly on notice taken steps to remedy the evil.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1782.]

2. SAME—LIABILITY OF THIRD PERSON.

A prima facie case is made out against one by testimony that the breaking of a sewer, flooding a cellar, was due to his allowing marble dust to run into the sewer, in violation of an ordinance.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Thomas Watson against the city of New York and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed in part; affirmed in part.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

J. C. McEachen, for appellant.
William R. Hill, for respondent German Grob & Son.
John J. Delany (Theodore Connoly and Thomas F. Noonan, of counsel), for respondent city of New York.

PER CURIAM. On March 23, 1905, a sewer broke, and water came into the cellar of plaintiff, doing considerable damage. Plain-

tiff sued German Grob & Son and the city of New York. The complaint was dismissed at the end of plaintiff's case. Plaintiff appeals. The dismissal as against the city was proper. The plaintiff claims that the mere fact of the overflow makes the city liable. The city, however, on the cross-examination of plaintiff's witnesses, showed that the sewer was properly constructed, and that the overflow was due to the wrongful act of the other defendant in allowing marble dust to run into the sewer, in violation of a city ordinance. Promptly upon notice the city took steps to remedy the evil. The plaintiff made out a prima facie case against the other defendant.

The judgment is reversed as to the defendant German Grob & Son, and a new trial ordered, with costs to appellant to abide the event, and it is affirmed as to the defendant city of New York, with costs.